THE STATE, EX REL. WALTER H. MILLER, v. JOHN SEYMOUR..

Argued November 6, 1901—Decided February 24, 1902.

1. When the attorney-general, *ex-officio*, files an information in the nature of a *quo warranto*, the leave of the court to file is not necessary.
2. When an information in the nature of a *quo warranto* is filed upon the relation of a private person under the statute of 1795 (*Gen. Stat.*, p. 2632), it can only be filed with the leave of the Supreme Court exercising its discretion.
3. The defendant, when an information in the nature of a *quo warranto* is to be filed under the statute, is entitled to be heard by the court upon the question of filing.
4. Rule to show cause is the proper procedure to determine whether the court will grant leave to a private relator to file an information in the nature of a *quo warranto*.
5. Such rule will be denied if it appears that the relator is not acting in good faith to test the title to the office attacked.

On *quo warranto*. On motions to quash information and discharge rule to plead, and for a rule to show cause.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the relator, *Howard W. Hayes.*

For the defendant, *L. D. Howard Gilmour* and *Chandler W. Riker.*

The opinion of the court was delivered by

GARRETSON, J. These proceedings are intended to test the title of the respondent to the office of president of the common council of the city of Orange.

Two motions are presented to the court under the above title. The first is a motion to vacate a rule to plead to an information in the nature of a writ of *quo warranto,* exhibited by the attorney-general at the relation of a private relator, and to quash the information; and the second is a motion for a rule to show cause why a *quo warranto* should not issue.

The grounds for the motion to vacate the rule to plead and to quash the information are because the defendant had not been served with any process prior to the filing of the information and the entering of the rule to plead, and had not then, and has not since, been brought into court, because the information was filed without leave of the Supreme Court first had and without notice to the defendant, and because the information was sued out in the name of a private relator and without the granting of a rule to show cause, or any opportunity given to the defendant to show that the relator was irresponsible, or was acting in bad faith, or that public interests would be jeopardized by the institution of *quo warranto* proceedings. This motion raises the question of the proper procedure to be followed in the institution of proceedings by information in the nature of a *quo warranto* at the relation of a private relator.

The information in this case, signed by the attorney-general, by the attorney for the relator, and endorsed "Let this information be filed, David A. Depue, C. J.," was filed without any notice to the defendant; and the next proceeding was the rule to plead on the defendant. The attorney-gen-

eral may file an information *ex-officio* in his own name, without any relator, without leave of the court and without notice to the defendant. The manner of bringing in a defendant upon an information filed· by the attorney-general *ex-officio* is set forth in the case of *Attorney-General* v. *Delaware and Bound Brook Railroad Co.,* 9 *Vroom* 282, where the court says the proper practice was pursued in the case of State *v.* Associates of the Jersey Company (1849), "which was of this sort, on filing the information a summons was issued, returnable the· following term, served upon the secretary of the company,. and upon its return a rule was taken on the defendants to plead in thirty days; that practice may well be followed, modified only by our change of time as to return of process. The summons may be returnable in vacation and may be served in the mode in which summonses can be served in ordinary actions, and upon its return a rule to plead may be allowed by the court or justice."

In the case of *State* v. *Turnpike Co.,* 1 *Zab.* 9, it was held: "This is a private application in behalf of the relators, and not a proceeding instituted by the attorney-general. If the attorney-general, on behalf of the state, was about to institute this proceeding he need not ask the permission of this court for the purpose. The institution of proceedings of this character at the instance of relators, under the leave of the court, is authorized by statute, and only by statute. 'No instance,' said Lord Mansfield, in *R.* v. *Marsden,* 1 *W. Bl.* 580, 'has been produced of informations in nature of *quo warranto* before the statute, unless filed by the attorney-general. The courts at common law and in cases not within the statute have no authority to direct such information, and leave the matter to the discretion of the attorney-general.' "

This proceeding must be regarded as under our statute of 1795 (*Gen. Stat., p.* 2632), which is copied substantially from the statute of 9 *Anne, c.* 20, and provides "that in case any person or persons shall usurp, &c., any office or franchise within this state, it shall and may be lawful to and for the attorney-general, *with the leave of the Supreme Court,* to exhibit one or more information or informations in the nature·

of a *quo warranto* at the relation of any person or persons desiring to sue or prosecute the same, who shall be mentioned in such information or informations to be the relator or relators, against such person or persons for usurping, &c., any such office or franchise, and to proceed therein in such manner as is usual in cases of information in the nature of a *quo warranto.*" Under the above statute an information cannot be filed without leave of the Supreme Court, and this permission is not formal merely, but has been held to depend upon the sound discretion of the court, according to the particular circumstances of the case made upon the application for leave to file an information. In *State, ex rel. Miller,* v. *Utter,* 2 *Gr.* 84, the court says: "The granting of an information is not now a mere matter of course, but depends upon the sound discretion of the court, according to the particular circumstances of the case made upon the application for leave to file an information."

In *State, ex rel. Mitchell,* v. *Tolan,* 4 *Vroom* 195: "The granting or withholding of leave to file an information in the matter of a *quo warranto* at the instance of a private relator. rests in the 'sound discretion of the court, even where a good objection to the title of the person whose right is called in question is shown."

In *State, ex rel. Roche,* v. *Bruggemann,* 24 *Vroom* 122: "The court has adhered to the practice that a sound discretion must be exercised upon the particular circumstances of every case." If, then, such information can only be filed by a private relator after the exercise of its discretion by the court, it would necessarily follow that that discretion must be exercised upon a hearing, of which the defendant has notice. The defendant had no notice in this case until after the information, and therefore the information filed must be quashed and the rule to plead vacated.

The practice in cases of information in the nature of *quo warranto* at the instance of private relators, so far as the reported cases disclose, has generally been to institute such proceedings by a rule to show cause. In some of the cases all the questions to be considered have been raised by pleas or de-

murrers to the information, and the report does not disclose the proceedings anterior to the filing of the information; but rules to show cause appear to have been granted in the following cases: *State, ex rel. Miller,* v. *Utter,* 2 *Gr.* 84; *State, ex rel. Ford,* v. *Turnpike Co.,* 1 *Zab.* 9 ; *State, ex rel. Mitchell,* v. *Tolan,* 4 *Vroom* 195; *State, ex rel. Richards,* v. *Hammer,* 13 *Id.* 435; *State, ex rel. Roche,* v. *Bruggemann,* 24 *Id.* 122.

The only case suggesting a different course of practice is that of *State, ex rel. Casterline,* v. *Gummersall,* 4 *Zab.* 529, which was a motion to set aside the information, and a rule to plead granted at the same time, on the grounds that the application, in the first instance, should have been for a rule to show cause, and that if the information may be filed in the first instance the defendant must be served with process to appear before a rule can be taken upon him to plead. The court in that case held that it had been decided in State *v.* Vreeland, Collector, that in the case of a corporation or a high public officer a rule to show cause is first allowed, but not in case of a small annual township officer, but did not adopt that as the rule in the case at hand, but held "that the defendant should be regularly brought in by process and then ruled to plead at as short a day as the nature of the case will admit." But such practice seems to lose sight of the statutory requirement that the information can only be filed with the leave of the Supreme Court, and when the court, in the exercise of its discretion, is satisfied that permission should be granted. The proper practice in all cases where an information is sought to be filed at the instance of a private relator is, in the first instance, to apply for a rule to show cause.

Application is made in the case at hand for a rule to show cause why an information in the nature of a writ of *quo warranto* should not be filed, and a stipulation of facts has been agreed upon, setting forth that the relator is a resident and taxpayer of Orange; that he voted at the election held in Orange in April, 1900, for the office of president of common council, to which Seymour was elected; that he voted against Seymour; that he made no objection to Seymour assuming the duties of the office of president of common council; that he never

questioned the right of Seymour to preside at the meetings of common council and to vote on questions pending before said council until after the meeting of said council held September 9th, 1901, at which the contract for lighting the streets of Orange was awarded to the United Electric Company; that he is an employe of a phonograph company, of which one Gilmore, who, as president of the National Electric Light, Heat and Power Company, signed a bid for street lighting in Orange for five years, is also president, and that he applied for the rule to show cause and filed his information at the request of Gilmore; that the national electric company was incorporated July 16th, 1901; that Gilmore is president of the company; that no certificates of stock of said company have been issued to anyone except the incorporators and their assigns; that no money has been paid into the treasury of the company; that Gilmore was not an incorporator of the company; that he has never subscribed to the capital stock of said company; that no subscriptions to the capital stock of said company have been made in writing; that said company owns no real estate; that said company has no plant either in operation or under construction in the State of New Jersey or in any other place, from which lights for lighting the streets of Orange could be produced; that said company has no contracts in writing or otherwise for equipping an electric lighting station or for building a building suitable for an electric lighting plant; that a plant suitable for the lighting of the streets of the city of Orange could not be constructed between the time of the said application for the rule to show cause, October 25th, 1901, and December 1st, 1901.

The stipulated facts show clearly that the relator acquiesced in the election of the defendant and permitted him to exercise the duties of the office which he now attacks for nearly eighteen months, without attempting in any way to question the legality of that office, and that he now does it at the instance of the president of a private corporation, for the purpose of promoting the private interests of that corporation. *State, ex rel. Mitchell,* v. *Tolan, supra; Schott Inf., M. & P.* 149.

The rule to show cause will be refused.